# Fredonia Seed Co. *v.* Nathan & Brother, Appellant.

*Sales—Sales Act—Acceptance—Memorandum in writing—Evidence.*

In an action of assumpsit for goods sold and delivered, the case is for the jury and a verdict for the plaintiff will be sustained, where evidence was produced which, if believed, established that the goods had been received by the defendant, accepted by it, and never returned.

A seed list, which consisted of four numbered pages and which totaled to a correct aggregate sum, is a sufficient memorandum within the provision of the 4th section of the Act of May 19, 1915, P. L. 543 (Sales Act).

Argued April 21, 1924.    Appeal, No. 19, April T., 1924, by defendant, from judgment of C. P. Cambria Co., June T., 1920, No. 29, on verdict for plaintiff in the case of Fredonia Seed Company v. M. Nathan & Brother. Before ORLADY, P. J., HENDERSON, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Assumpsit for goods sold and delivered.   Before REED, P. J., of O. C., specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $953.40, and judgment thereon.   Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and refusal of motion for judgment non obstante veredicto.

*J. Earl Ogle, Jr.,* for appellant.—The written memorandum did not comply with the requirements of the Sales Act: Manufacturers L. & H. Co. v. Lamp et al., 269 Pa. 517; Title Guaranty & Surety Co. v. Lippincott,

252 Pa. 112; Moore v. Eisaman, 201 Pa. 190; Franklin Sugar Refining Co. v. Howell, 274 Pa. 190.

*John H. Stephens,* for appellee.

OPINION BY TREXLER, J., July 2, 1924:

The Fredonia Seed Company brought suit for a claim of $953.40 for a miscellaneous lot of seeds which it claims were sold and delivered to the defendant. The first question that we must consider is whether the memorandum of sale containing the items sued for was sufficient to satisfy the requisite set forth in the 4th section of the Act of May 19, 1915, P. L. 543, known as "The Sales Act." We may say in passing that, of course, we accept the record as certified by the stenographer and the trial judge. The order sheets contain a list of seeds. There are four numbered pages. Although there is no total struck on any page, at the end the entire amount of items is correctly totaled and amounts to the sum claimed by the plaintiff. The order is signed by Noon, who was the manager of the department of defendant's store through which the seeds were to be handled. In order to conform to the section above referred to, where the memorandum is made up of several papers, which together form the essential terms, the separate writings must bear internal reference one to another: Manufacturers Light & Heat Co. v. Lamp, 269 Pa. 517. The connection between the separate papers must be such as to show that they form part of one transaction. We think that the fact that these sheets are numbered consecutively, and the total sum at the end is the aggregate of the items contained on the four pages is sufficient to bring the memorandum within the provisions of the 4th section.

The 4th section of the Sales Act provides: That "a contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept

part of the goods or choses in action so contracted to be sold or sold, and actually receive the same," etc. It appears that the tomato seeds, which form an item in the statement of account, were sent by express and were in the seed department of the defendant for some time. There was no effort made to return the tomato seeds or repudiate the possession of them until the plaintiff's salesman came to Johnstown where defendant's store is located and on that occasion, a lady in charge of a department showed him the tomato seeds and wanted him to take them back. There was evidence that the tomato seeds were never returned. The conduct of the appellant in this regard was an acceptance of part of the order; at least, the facts would be sufficient for a finding of a jury to that effect. We may also say that, as pointed out by the counsel for the appellee, appellant seems to have conceded that the question of the acceptance of the tomato seeds was a question for the jury for he asked the court to instruct the jury that if they found that the defendant had received the tomato seeds and never returned or paid for same, the verdict should be confined to that particular item. We can see no merit in this contention of the defendant.

As to the question of acceptance of the order by the seller, we think the whole course of dealing shows that the order was accepted, the sending of a portion of the goods and its retention by the defendant shows that this was not in question between the parties. Moreover, the matter was properly submitted to the jury.

The assignments of error are all overruled and the judgment is affirmed.